### In re SCHACHNE.
### No. C-3023.

District Court, E. D. New York.
Jan. 23, 1934.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Maxwell Parnes, of New York City, of counsel), for the application.

James E. Wilkinson, of Brooklyn, N. Y., for respondent.

Before CAMPBELL, INCH, MOSCOWITZ, and GALSTON, District Judges.

PER CURIAM.

Abraham Schachne, the respondent, was admitted to the bar of this court on April 1, 1919.

■ The petition filed herein by the United States Attorney charges the respondent with professional misconduct in that he aided and

abetted Frank Goldman and David Pudalov in concealing assets in a contemplated bankruptcy by arranging and carrying out a fictitious purchase of real estate by Goldman and Pudalov from one Samuel Goldbaum.

On April 1, 1931, the Public Contracting Corporation by Samuel Goldbaum, its president, as seller, executed a contract with Frank Goldman and David Pudalov, as purchasers, for the sale of premises 305 Christopher avenue, borough of Brooklyn, city and state of New York, by the terms of which contract the purchasers agreed to pay for said premises the sum of $44,500, as follows: $300 on the signing of the contract, $18,700 upon the delivery of the deed, $18,500 by taking the said premises subject to a first mortgage in that amount, and $7,000 by the purchasers executing a purchase-money mortgage to the seller.

Respondent for some years had acted as attorney for Goldbaum. Respondent acted as attorney for both the seller and the purchasers in the said real estate transaction, preparing the contract of sale, the deed, the purchase-money mortgage, and the closing statement as of May 6, 1931.

This real estate transaction was not real, but was fictitious, and was conceived and executed for the purpose of depleting the cash assets of the firm of Goldman & Pudalov in fraud of their creditors; the sum of $16,000 in cash having been withdrawn from the firm of Goldman & Pudalov between May 1, 1931 and May 6, 1931, presumably for the purpose of paying the purchase price of the real estate, but actually as part of a scheme to conceal the said sum from the creditors and from the trustee in bankruptcy of Goldman and Pudalov.

On May 15, 1931, Goldman and Pudalov made an assignment of their assets for the benefit of creditors, and on June 2, 1931, an involuntary petition was filed against them in this court. On June 25, 1931, Goldman and Pudalov, individually, and as copartners, were adjudicated bankrupts, and a trustee of their bankruptcy estate was appointed on August 3, 1931.

Following hearings had under 21A in the bankruptcy proceedings of Goldman and Pudalov, an indictment was found against Frank Goldman, David Pudalov, Samuel Goldbaum, and one Daniel Dennenberg, charging them with a conspiracy to conceal and with a concealment of assets from the trustee in bankruptcy. The trial was had in this court upon said indictment from October 17 to October 26, 1932, which resulted in a conviction of said defendants on the above-mentioned charges, which said conviction was affirmed by the United States Circuit Court of Appeals, 64 F.(2d) 1021, and certiorari denied by the United States Supreme Court, 289 U. S. 739, 53 S. Ct. 660, 77 L. Ed. 1487.

Thereafter, an investigation was made by a Special Agent of the United States Bureau of Investigation of the Department of Justice, and as a result of such investigation this proceeding was instituted against the respondent.

Goldbaum, Goldman, and Pudalov testified before this court that the respondent was instrumental in the formation and execution of the fictitious real estate transaction; that he was aware of, and knew, that the said real estate transaction was a fictitious one conceived for the purpose of defrauding the creditors of the firm of Goldman & Pudalov; that it was upon his advice that such fraudulent real estate transaction was consummated, and that, during the investigation and pending the trial of the defendants Goldbaum, Goldman, and Pudalov, the respondent was instrumental in preventing the disclosure of the true and real facts in reference to the said real estate transaction.

Although the respondent testified that the relationship of attorney and client between him and Goldbaum, Goldman, and Pudalov had ceased with the closing of the title, thereafter he was frequently with them. A conversation was had between the respondent, Dennenberg, and Goldbaum at Dennenberg's store in which Goldbaum informed Dennenberg that he intended telling the truth about the entire transaction, and Dennenberg thereupon, in respondent's presence, threatened Goldbaum by saying, "You are going to be a head shorter if you say anything."

Although the respondent denies that he had guilty knowledge of the fraudulent transaction until subsequent to its consummation, he admits that for a long time prior to the trial of the criminal action, at which time the relationship of attorney and client did not exist between him and Goldbaum, Goldman, and Pudalov, Goldbaum, Goldman, and Pudalov confessed to him the true nature of the transaction; that is, that the alleged contract of sale, deed, and closing of title was fictitious and was intended for the purpose of concealing assets of the bankrupts.

In spite of this confession the respondent appeared as a witness for Goldbaum, Goldman, Pudalov, and Dennenberg on the criminal trial, and at no time did he disclose the real facts to the court. On the contrary he endeavored to give the court and jury the im-

pression that the contract, deed, closing of title, etc., were legitimate transactions, although at that time he knew that the transaction which resulted in the contract of sale, deed, and closing of title was fictitious, illegal, and was done for the purpose of concealing the bankrupts' assets.

Respondent admits that, after Pudalov, Goldman, and Goldbaum had confessed their part in this crime of concealing assets, he maintained social relations with them, they called at his office frequently, and he played cards with them.

With complete knowledge of the criminality of the defendants, Goldbaum, Goldman, Pudalov, and Dennenberg, he thus testified at the criminal trial as a witness in their behalf, and also as a character witness for Goldbaum. Respondent's conduct is not in keeping with that of a member of the profession conscious of the dignity and standing of his calling.

The respondent is suspended from practice as an attorney in this court for a period of five years, subject to reinstatement at the end of that time upon a proper showing that during the period of suspension he has refrained from unprofessional conduct in any aspect.

The court will file an order in ten days, conforming to this decision.